Fred A. DeCain v. Commissioner.
Fred A. DeCain v. Commissioner
Docket No. 27327.
United States Tax Court
1951 Tax Ct. Memo LEXIS 189; 10 T.C.M. (CCH) 581; T.C.M. (RIA) 51185; June 18, 1951
*189 Disallowance by respondent of certain expenses sustained for failure of proof. Melvin Silverman, Esq., for the petitioner. Joseph Landis, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency in petitioner's income tax for 1946 in the amount of $1,709.78, consequent, in part, on his disallowance of the following items deducted in the return: Contributions, $710; taxes paid, $569; casualty loss, $750; medical expense, $315; and travel, $1,600. In determining the deficiency, respondent allowed petitioner the standard deduction of $500. The record is almost devoid of affirmative proof. Petitioner submitted almost no evidence or corroboration of any probative value. He had no positive recollection as to the amount of any item and presented no receipts or canceled checks. In preparing the 1946 return he admitted that the man who prepared the same, in petitioner's presence, used petitioner's 1945 return and merely copied certain of the 1945 items, with the striking parallelism as follows: Contributions (1945), $710; (1946) $710; taxes (1945), $567, (1946) $569; and gross medical expenses (1945) $780, *190 (1946) $775. He merely read the items from his return and stated, in effect, that he had no independent recollection, but they must be correct. The items on a return are not self proving and where petitioner submits no additional or corroborative evidence the petitioner does not overcome the presumption of correctness accorded to the respondent's determination. Here none of the above items is adequately substantiate or proven to be allowable. A parallelism of items as appears above would shock the conscience of any one charged with the verification of the items or determination of petitioner's tax liability. As a consequence, we are obliged to hold, on the record, that petitioner has failed to substantiate the allowability of any of the above items. A similar fate attaches to the claimed loss for damages to an automobile by collision. The collision occurred in 1945 and the sale of the car occurred in the same year. Likewise, in 1945, petitioner learned that his insurance did not protect him. Obviously, the loss, if any, was deductible in 1945. The sole remaining deduction item is travel expense, claimed in the amount of $800, for trips to New York and $800 for "away-from-home expense" *191 at Galion, Ohio, or a total of $1,600. The New York expense is not shown to be a necessary expense in his business. Apparently, the trips were largely educational and, therefore, personal. Even if we were satisfied with the proof of the amounts alleged (which we are not), petitioner has not proved that the expense was not a personal expense. The other $800 item is claimed for living expenses and travel between Galion, Ohio, and Cleveland, Ohio. Petitioner worked for four months in Galion while maintaining a home in Cleveland. Such an expense is not a proper deduction. . In addition, petitioner did not establish the amount of such travel and living expenses. There remains only the item of gain on the sale of a dwelling house. Petitioner reported a gain of $1,000, claiming the cost of the house to be $16,500, to which he added $6,000 for improvements and selling expense, giving a total of $22,500. This sum was deducted from the selling price of $23,500, leaving a total gain of $1,000, of which he returned 50 per cent or $500. Respondent disallowed the entire amount of $6,000. Petitioner testified he paid "14,500 or something like that" *192 in 1941 for the property and that he spent approximately $6,500 for improvements and selling expenses. Respondent conceded at the hearing that the oriinal cost was $16,500. Although the proof lacks much in persuasiveness and is not corroborated, we are satisfied that petitioner spent a substantial sum for improvements to the property and selling expenses. We accordingly find that the sum of $2,500 was spent for improvements and that selling expenses or commissions amounted to $1,000. These sums should be added to the original cost of the property in computing gain on sale. Decision will be entered under Rule 50.